UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEREMY WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 25-1202 |
| ) | |
| TAMMIE LUKES, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Lukes and Starkey failed to follow guidelines during disciplinary proceedings, and that Defendants Bawden, Dyer, Spencer, and Trevino did not follow guidelines when writing disciplinary reports. Plaintiff alleges that their failures resulted in segregation time lasting almost one year. Plaintiff alleges that Defendants Hendrick, Leslie, and

Long "turned a blind eye" to his grievances, and that Defendants Hamilton and Wurster were biased when writing mental health disciplinary documents and responding to grievances.

To prevail on a Fourteenth Amendment procedural due process claim arising from a prison disciplinary proceeding, "an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Punishment that affects the duration of confinement, such as the loss of good-time credits, implicates a protected liberty interest on its own accord. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Other punishment, including disciplinary segregation, constitutes a protected liberty interest only if it resulted in "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ealy*, 109 F.4th at 964 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The "atypical and significant hardship" standard is "dependent on the combined duration and conditions of confinement," viewed in light of "all circumstances of a prisoner's confinement." *Torres v. Brookman*, --- F.4th ---, 2025 WL 2944783, at *3 (7th Cir. 2025).

If a protected liberty interest exists, a prisoner is entitled to: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Ealy*, 109 F.4th at 965 (citing *Scruggs*, 485 F.3d at 939). Otherwise, inmates facing disciplinary segregation are entitled to "informal due process" that requires only: "(1) notice of the reasons for the inmate's placement in segregation and (2) an opportunity to present his views, for instance, in a written statement or at a hearing." *Id.* at 966 (internal quotations omitted).

Plaintiff has not alleged facts that permit a plausible inference that his confinement in segregation resulted in the requisite deprivation. Plaintiff does not provide sufficient information about the disciplinary proceedings for the Court to conclude that prison officials failed to provide any process that was due. The violation of state law or prison guidelines is not sufficient to create a federally enforceable claim. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). A prison official's involvement in the grievance process after the fact is not sufficient to impose liability. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Intervene (Doc. 4)

Plaintiff's motion seeks a trust fund ledger from prison officials to support his petition to proceed in forma pauperis. The Court obtained the relevant trust fund ledgers and granted Plaintiff's petition in its Text Order entered June 26, 2025. Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [4] is DENIED.**

Entered this 31st day of October, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE

1:25-cv-01202-SLD   # 9   Filed: 10/31/25   Page 4 of 4